UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HEDGITON HALL,

                        Plaintiff,

                                                    **DECISION AND ORDER**

            - v -
                                                    CV-05-2519 (NGG)(VVP)

GRAND CENTRAL OYSTER BAR, et al.,

                        Defendants.
------------------------------------------------------------------x

By letter dated January 11, 2006, the plaintiff has requested an extension of the 120-day

period within which a complaint must be filed as directed by Rule 4(m) of the Federal Rules of

Civil Procedure. The plaintiff's counsel offers the explanation that service was in fact effectuated

within the 120-day time limit by a former employee from whom an affidavit of service apparently

was not obtained and who can no longer be found. The defendants contest the assertion that

they were previously served, and ask that the court withhold decision until the January 31, 2006

conference now scheduled in this action because they are uncertain about whether the plaintiff

will serve the complaint previously filed, or an amended complaint which might contain

additional causes of action that are now time-barred.

If service is not made within the 120-day period prescribed by the federal rules, the court

"shall dismiss the action without prejudice . . . or direct that service effected within a specified

time; provided that if the plaintiff shows good cause for the failure the court shall extend the

time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The plaintiff's explanation for his request is not well-substantiated. Counsel offers no

details, for instance, concerning the identity of the former employee, when the employee was

employed, when service was accomplished, or what efforts have been undertaken to locate the

former employee.  Nevertheless, the standard for permitting additional time for service under Rule 4(m) is not high, even in the absence of a showing of good cause.  *See* Fed. R. Civ. P. 4 advisory committee's note, 1993 amendment ("Relief may be justified, for example, if the applicable statue of limitations would bar the refiled action . . .").  Here, the plaintiff's claim under Title VII would undoubtedly be time-barred if the action were refiled because the 90-day period within which such claims must be brought following receipt of a right-to-sue letter has long since expired.  Accordingly, although good cause has not been shown, relief from dismissal is justified and the plaintiff is hereby directed to effect service of the complaint that was filed on May 24, 2005 on the defendants within 14 days.[1]  In the absence of a showing of good cause, failure to effect service within 14 days will result in dismissal of the action.

The conference now scheduled for January 31, 2006 is adjourned to **February 10, 2006 at 3:00 p.m.**

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
          January 24, 2006

---

[1]This order directing service under Rule 4(m) authorizes the service of only the original complaint; it does not authorize the service of an amended complaint.